IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **DESIGN BASICS, LLC.** § § **Plaintiff,** § § vs. § § **DRAKE HOMES CORPORATION,** § **DRAKE EXCAVATING &** § **CONSTRUCTION, INC.,** § **MARY KATHRYN DRAKE,** § **STEVEN RANDALL DRAKE** § **Defendants.** § | Case No: 2:16-cv-2064 JURY DEMANDED |

**ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT**

NOW COMES the Plaintiff, Design Basics, LLC, by its attorneys, Dana A. LeJune and Michael T. Hopkins, and as and for a cause of action against the Defendants, Drake Homes Corporation, Drake Excavating & Construction, Inc., Mary Katheryn Drake, and Steven Randall Drake, (collectively, "Defendants"), alleges and shows to the Court as follows:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction of this case under 28 U.S.C. § 1338 because this action arises under federal copyright law, 17 U.S.C. § 101 *et seq.*

2. Venue is proper in this District under 28 U.S.C. § 1400(a) because the Defendant may be found in this District. Furthermore, or in the alternative, venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims at issue occurred in this District; and the Defendant resides and does business in this District.

## Parties

3. Design Basics, LLC ("DB" or "Plaintiff") is a Nebraska Limited Liability Company with its principal place of business in Omaha, Nebraska. Under Articles of Merger executed on July 1, 2009, DB is the successor by merger to Design Basics, Inc., and as such is the owner of all assets (including copyrights, trade and service names, trade and service marks, and all causes of action) that Design Basics, Inc. owned as of that date.

4. DB is engaged in the business of creating, marketing, publishing and licensing the use of "architectural works" (as that term is defined in the Copyright Act and the Architectural Works Copyright Protection Act of 1990 ("AWCPA"), both codified at 17 U.S.C.§ 101 et seq.) and technical drawings depicting such architectural works.

5. Drake Homes, Inc. ("Drake") is a corporation organized under the laws of the State of Illinois with its principle place of business in Charleston, Illinois. Drake may be served through its registered agent, Mary Kathryn Drake, 1765 Beech Tree Road, Charleston, Illinois 61920.

6. Drake Excavating & Construction, Inc. ("DE") is a corporation organized under the laws of the State of Illinois with its principle place of business in Charleston, Illinois. DE may be served through its registered agent, Kelly Troby, 1765 Beech Tree Road, Charleston, Illinois 61920.

7. On information and belief, Mary Kathryn Drake ("MD") is the wife of Steven Randall Drake, and is an officer, director, and/or manager of Drake. She resides and may be served with process at 1765 Beech Tree Road, Charleston, Illinois 61920.

8. On information and belief, Steven Randall Drake ("SD") is an officer, director, and/or manager of Drake, and he may be served with process at 1765 Beech Tree Road, Charleston, Illinois 61920.

**Factual Background**

9. DB is a residential architectural design firm that creates, markets, and licenses the use of architectural works and technical drawings depicting architectural works. DB owns copyrights protecting the architectural works and technical drawings it has created.

10. As far back as the early 1980's, the Copyrighted Works have been widely published nationwide, including in this District, in numerous DB plan catalogs, periodicals, and other publications. With the advent of the internet, and through DB's marketing of its works through the publishing of its designs on its website, www.designbasics.com, and through its marketing partners, DB's designs have become ubiquitous in the marketplace.

11. More specifically, DB is the author and owner of all copyright registrations (both as to architectural works and technical drawings) in the following works: (a) Plan No. 2249 – Normandy and the corresponding roof construction package and (b) Plan No. 1748 – Sinclair and the corresponding roof construction package ("the Copyrighted Works").

12. Each of the Copyrighted Works constitutes original material that is protected by the U.S. Copyright Act, and subject to registration by the U.S. Copyright Office.

13. DB is, and at all relevant times has been, the sole owner of all right, title, and interest in and to the Copyrighted Works. Attached hereto as **Exhibit 1** is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's 2249

Normandy. Attached hereto as **Exhibit 2** is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's 1748 Sinclair.

14. Defendants engaged, at least in part, in the business of drafting, publishing, distributing, and advertising residential home designs through traditional print media and on the internet on sites such as www.drakehomes.com, as well as in marketing, advertising, constructing, and selling homes built according to such designs.

15. On or about June 6, 2014 DB first became aware that the Defendants had violated its copyrights in one or more distinct ways. On said date, DB saw several infringements of their works on Drake's website, "www.drakehomes.com." Attached hereto as **Exhibit 3** is a true and correct copy of a screen capture of Defendants' website taken on June 6, 2014, depicting the following infringements:

    a. DB's 2249 Normandy, which Defendants refer to as "Breckenridge."

    b. DB's 1748 Sinclair, which Defendants refer to as "Briarwood."

16. One or more of the Defendants have had access to the works that DB markets because SD has been a customer of DB's since at least January 1990. Between early 1990 and 2004, SD purchased at least 28 DB home plan catalogs, and the two protected works are presented within one or more of these catalogs. Attached hereto as **Exhibit 4** is a true and correct copy of Defendants' order history with DB.

17. Additionally, on August 27, 2002, SD purchased a materials lists and promotional line rendering artwork for DB's 2249 Normandy design. On October 21, 2002, SD purchased a promotional line rendering artwork for DB's 1748 Sinclair design. However, when DB

checked its records, it found that DB had never licensed the accused plans to any of the Defendants.

18. In addition to posting infringing copies of DB's copyright protected works on Defendants' website for purposes of advertising, marketing and promotion, on information and belief, one or more of the Defendants, realized profit attributable to the construction of one or more three-dimensional infringing copies (houses) of these works.

19. Each three-dimensional copy constructed by Defendants as alleged in paragraph 18 above constitutes a derivative work infringing DB's copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

20. The illicit acts of the Defendants, described in paragraph 15 through 19 supra, were don without permission or license from DB, and in violation of DB's exclusive copyrights in said works.

21. Upon information and belief, Defendants have infringed DB's copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

## Vicarious Liability of Principals

22. Because MD and SD are principals, owners, officers and/or managers of the entity Defendants, they had knowledge of their infringing activities, and benefited therefrom by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services to them, in furtherance of the entity Defendants' marketing, construction and sales of said infringing houses.

23. The conduct of the entity Defendants described above, was performed and accomplished through the direction, control and conduct of MD and/or SD, personally, as owners, officers, directors and/or managers of the entity Defendants. MD and SD had the ability to prevent the entity Defendants from infringing DB's works, and to stop the infringements once they began. Additionally, MD and SD received pecuniary benefit from the entity Defendants' acts of infringement. Accordingly, MD and SD are personally liable to DB as joint and/or contributory infringers, or are otherwise vicariously liable.

24. Defendants have regularly and systematically violated, and continue to violate, DB's exclusive rights in each of these two Copyrighted Works (including the right to reproduce, the right to prepare derivative works, and the right to sell) by copying, publishing, distributing, advertising, marketing, selling, and constructing, in the marketplace plans, drawings, and houses that were copied or otherwise derived from the Copyrighted Works.

## Causes of Action
### Count One – Non-Willful Copyright Infringement

25. DB incorporates paragraphs 1 - 24 above by reference.

**26.** Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraph 11 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, **have done so with others of DB's works which are as yet undiscovered.**

### Count Two–Non-Willful Copyright Infringement

27. DB re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

28. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraph 11 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), **and on information and belief, have done so with others of DB's works which are as yet undiscovered.**

### Count Three-Non-Willful Copyright Infringement

29. DB re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

30. Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraph 11 above by creating derivatives of Plaintiff's works in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), **and on information and belief, have done so with others of DB's works which are as yet undiscovered.**

### Count Four-Non-Willful Copyright Infringement

31. DB re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

32. Defendants, without knowledge or intent, infringed on one or more of Plaintiff's copyrighted works identified and described in paragraph 11 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), **and on information and belief, have done so with others of DB's works which are as yet undiscovered.**

**Alternative Causes of Action**
**Count Five - Willful Copyright Infringement**

33. DB re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

34. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraph 11 above by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), **and on information and belief have done so with others of DB's works which are as yet undiscovered.**

**Count Six-Willful Copyright Infringement**

35. DB re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

36. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraph 11 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), **and on information and belief, have done so with others of DB's works which are as yet undiscovered.**

### Count Seven-Willful Copyright Infringement

37. DB re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

38. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraph 11 above by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), **and on information and belief, have done so with others of DB's works which are as yet undiscovered.**

### Count Eight-Willful Copyright Infringement

39. DB re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

40. Alternatively, Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraph 11 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3) **and on information and belief, have done so with others of their works which are as yet undiscovered.**

### Additional Cause of Action - Violations of DMCA § 1202
### Count Nine

41. DB re-alleges and incorporates paragraphs 1 through 40 above as if fully set forth herein.

42. Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

43. In creating the drawings identified above, one or more of said Defendants intentionally removed and omitted DB's copyright management information, or had them removed or omitted from copies of DB's works.

44. One or more of the Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without authorization.

45. At the time said Defendants removed DB's copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of DB's copyrights.

46. DB is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

47. Pursuant to 17 U.S.C. §1203(b)(5), DB is entitled to and seeks to recover their reasonable attorneys' fees.

## Conclusion and Prayer

WHEREFORE, DB demands that judgment be entered in their favor and against the Defendants, jointly and severally, as follows:

- A. For an accounting by Defendants of their activities in connection with their infringements of DB's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);
- B. For DB's actual damages, in an amount to be determined at trial;
- C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the

    construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D. In the alternative, at DB's option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F. DB's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing DB's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of DB's plans and/or derivatives thereof;

H. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe DB's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I. An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

J. For such other relief as the Court determines to be just and equitable.

Pursuant to Rule 38, Fed.R.Civ.P., **PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated this 14th day of March, 2016.

                        **LEJUNE LAW FIRM**

By:     /S/ Dana A. LeJune
           Dana A. LeJune
           Texas Bar No.: 12188250
           email: dlejune@triallawyers.net
           6525 Washington Avenue
           Suite 300
           Houston, Texas 77007
           Tel:  713.942.9898 Telephone
           Fax: 713.942.9899 Facsimile

*And*

By:     /S/Michael T. Hopkins
           Michael T. Hopkins
           SBN: 1014792
           email: mth@ip-lit.us

           IP-Litigation.US, LLC
           757 N. Broadway, Suite 201
           Milwaukee, WI  53202
           Tel/Fax: 866-735-0515

           *ATTORNEYS FOR PLAINTIFF,*
           *Design Basics, LLC*